# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK



MICHELLE SOLOMOS Individually, and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

EAGLE NATIONWIDE MORTGAGE COMPANY, EAGLE NATIONAL BANCORP, INC., EAGLE NATIONAL BANK, SUNSET MORTGAGE CO., WILLIAM H. BROMLEY, JIM KELLY, GRANT CONWAY and SAM MORELLI,

    Defendants.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 0 8 2009 ★

LONG ISLAND OFFICE

Case No.
ECF Case

CV - 09 74

(SI)

SPATT, J.
TOMLINSON, M

## COMPLAINT

Plaintiff Michelle Solomos ("Solomos"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through her undersigned counsel, for her Complaint against Eagle Nationwide Mortgage Company, Eagle National Bancorp, Inc., Eagle National Bank (collectively "Eagle Defendants"), Sunset Mortgage, Co., William H. Bromley, Jim Kelly, Grant Conway and Sam Morelli (collectively "Individual Defendants") states as follows:

### JURISDICTION AND VENUE

1.    Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Wage and Hour Law, and the New York Labor Articles 6 and 19 and the New York Codes Rules and Regulations §§138-2.1 *et. seq.* ("New York Labor Articles") to recover unpaid minimum wages and overtime compensation and for other relief. This action is brought as a nationwide collective

action pursuant to 29 U.S.C. §216(b) and as a state-wide class action under Fed. R. Civ. P. 23(b)(3).

2.      Jurisdiction over Plaintiffs' FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. §16(b), and upon 28 U.S.C. §1331.

3.      The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Named Plaintiff Michelle Solomos is a former loan officer employed by Defendants who has been subjected to Defendants' illegal compensation practices.

6.      Named Plaintiff and others similarly situated were employed by Defendants as loan officers, brokers and branch managers during the statutory period (collectively referred to as "Plaintiffs" or "loan officers").

7.      Defendants provide mortgage banking services to consumers in the State of New York ("New York") and other states.

8.      At all relevant times, Eagle Nationwide Mortgage Company has been an employer as defined by the FLSA and the New York Labor Articles.

9.      At all relevant times, Eagle Nationwide Bancorp, Inc. has been an employer as defined by the FLSA and the New York Labor Articles.

10.     At all relevant times, Eagle National Bank has been an employer as defined by the FLSA and the New York Labor Articles.

11.     At relevant times, Sunset Mortgage Company has been an employer as defined by the FLSA and the New York Labor Articles.

12.     At all relevant times, Defendant William H. Bromley has been the Chairman of the Board, President and Chief Executive Officer of Eagle National Bancorp, Inc. and Eagle National Bank. In this capacity, William H. Bromley exercised operational control over Eagle; controlled significant business functions of Eagle; determined employee compensation and made hiring decisions; and acted on behalf of and in the interest of Eagle in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers challenged in this Complaint. As such, at all relevant times, Defendant William H. Bromley has been an employer under the FLSA and the New York Wage and Hour Law.

13.     At all relevant times, Defendant Jim Kelly has been an Executive Vice President of Eagle National Bank. In this capacity, Jim Kelly exercised operational control over Eagle; controlled significant business functions of Eagle; determined employee compensation and made hiring decisions; and acted on behalf of and in the interest of Eagle in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers challenged in this Complaint. As such, at all relevant times, Defendant Jim Kelly has been an employer under the FLSA and the New York Wage and Hour Law.

14.     At all relevant times, Defendant Grant Conway has been an Executive Vice President and Chief Lending Officer of Eagle National Bank. In this capacity, Grant Conway exercised operational control over Eagle; controlled significant business functions of Eagle; determined employee compensation and made hiring decisions; and

acted on behalf of and in the interest of Eagle in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers challenged in this Complaint. As such, at all relevant times, Defendant Grant Conway has been an employer under the FLSA and the New York Wage and Hour Law.

15.     At relevant times, Defendant Sam Morelli was President of Sunset Mortgage Company and is currently President and Chief Operating Officer "COO" of Eagle Nationwide Mortgage Company. In these capacities, Sam Morelli exercised operational control over Sunset Mortgage Company and Eagle Nationwide Mortgage Company; controlled significant business functions of Sunset Mortgage Company and Eagle Nationwide Mortgage Company; determined employee compensation and made hiring decisions; and acted on behalf of and in the interest of Sunset Mortgage Company and Eagle Nationwide Mortgage Company in devising, directing, implementing, and supervising the wage and hour practices and policies relating to Loan Officers challenged in this Complaint. As such, at all relevant times, Defendant Sam Morelli has been an employer under the FLSA and the New York Wage and Hour Law

16.     This Court has personal jurisdiction over Defendants under N.Y.C.P.L.R. §§ 301 and 302 as a result of the following during the relevant time period:

       (a)     Defendants have continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and has otherwise been present, within New York (availing itself of the legal privileges of doing business within New York) by, *inter alia*, maintaining, possessing, and operating offices within New York; selling mortgage-related financial goods and services within New York to New York residents

and others; and entering into contracts with individuals (including loan officers) within New York to provide employment services at its New York offices.

(b)     The statutory violations alleged herein involving loan officers who have worked at Defendants' New York offices have arisen directly from, and are substantially related to, Defendants' transacting of business and contracting within New York, namely, *inter alia*, contracting with, employing, and otherwise doing business with Plaintiff and other loan officers at Defendants' New York offices.

(c)     Defendants have committed the statutory violations alleged herein involving loan officers who have worked for Defendants within New York; and Defendants have regularly done and solicited business within New York and derived substantial revenue from goods used and consumed, and served rendered, within New York; used and possessed real property within New York; and derived substantial revenue from interstate commerce.

## FACTS

17.     Defendant Sunset Mortgage Company employed loan officers who sold home loans until July 31, 2007 when it was acquired by Defendant, Eagle National Bancorp, Inc.  Eagle National Bancorp, Inc. then started its mortgage division, also known as Eagle Nationwide Mortgage Company and employed loan officers who sold home loans.

18.     Plaintiff Michelle Solomos and all other similarly situated persons are current and former loan officers who have been employed by one or more of the Defendants.

19.     All loan officers employed by Defendants during the applicable limitations periods essentially shared the same job duties – selling home mortgage loans.

20.     Defendants managed the named Plaintiff's employment as well as all other loan officers' employment, including the amount of overtime worked.  Defendants dictated, controlled, and ratified its wage and hour and all related employee compensation policies.

21.     Defendants' wage and hour practices and policies have been uniform and centrally disseminated.

22.     Per Defendants' uniform company-wide policies and throughout a significant portion of the statutory period, named Plaintiff and all similarly situated loan officers have been compensated primarily on a commission only basis.

23.     Per Defendants' uniform company-wide policies, Plaintiffs and all similarly situated loan officers did not receive a guaranteed salary during significant portions of the statutory period.

24.     During the statutory period, the named Plaintiffs and similarly situated loan officers routinely worked hours for which they were not paid the minimum wage.

25.     At all relevant times, named Plaintiff and all similarly situated loan officers routinely worked in excess of 40 hours per week without receiving overtime compensation.

26.     At no time has named Plaintiff or any other similarly situated loan officer been paid for the numerous overtime hours they worked.

27.     In accordance with Defendants' uniform, company-wide employment practices and policies, Defendants have not paid named Plaintiff proper overtime compensation during her employment.

6

28.     In accordance with Defendants' uniform, company-wide employment practices and policies, Defendants have not properly paid overtime compensation to other similarly situated loan officers.

29.     During significant portions of the statutory period, neither the named Plaintiff nor the similarly situated loan officers have been required to record their time worked, and Defendants have failed to maintain accurate time records as required by the FLSA and the New York Labor Articles.

## GENERAL ALLEGATIONS

30.     Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

31.     Named Plaintiff Michelle Solomos, individually, and on behalf of all similarly situated current and former loan officers of Defendants, including their subsidiaries and affiliated companies, brings this action as a national collective class action under the FLSA to recover, *inter alia*, unpaid minimum wages and overtime compensation, liquidated damages, and statutory penalties owed to Plaintiffs and all other similarly situated loan officers employed by, or formerly employed by, Defendants, including their subsidiaries and affiliated companies.

32.     Defendants' routine practice of failing to pay Plaintiffs and all similarly situated employees minimum wages and overtime compensation when these employees worked in excess of 40 hours per week violates the FLSA and the New York Labor Articles.

33.     Defendants failed to pay overtime wages to Plaintiffs and other similarly situated loan officers during their employment by intentionally, willfully, and improperly designating the position of loan officer as exempt from overtime requirements.

7

34. As a result of this unlawful practice, Plaintiffs have suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS OF THE
## FLSA CLASS OF LOAN OFFICERS

35. Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

36. Plaintiffs seek to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of themselves and the following class of persons:

> All persons who worked for one or more of the Defendants as loan officers or other similarly titled positions at any time during the statutory period who give their consent in writing to become party plaintiffs ("FLSA Class").

37. Plaintiffs and other members of the FLSA Class are similarly situated because, *inter alia*, they have all had similar duties; performed similar tasks; been subjected to the same requirements under the FLSA to be paid minimum wages and overtime wages unless properly exempted there under; been subjected to similar pay plans; been required to work and have worked in excess of 40 hours per week; been required to work without payment of minimum wages, and have not been paid at a rate of 1.5 times their respective regular rates of pay for all overtime hours worked.

38. Defendants have encouraged, permitted, and required Plaintiffs and other members of the FLSA Class to work more than 40 hours per week without overtime compensation.

39. Defendants have known that Plaintiffs and other members of the FLSA Class have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive Plaintiffs and other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

40.     Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY MINIMUM WAGES

41.     Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

42.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

43.     Defendants routinely and regularly failed to pay class members the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).  As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO PAY OVERTIME

44.     Plaintiffs reassert and re-allege the allegations set forth in each of the paragraphs above.

45.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

46.     Defendants are subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and its employees are engaged in commerce.

47.     At all times material to this action, Plaintiffs and all members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §201, *et. seq.*

48.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

49.     By the above-alleged conduct, Defendants violated the FLSA by failing to pay members of the FLSA Class overtime compensation as required by the FLSA.

50.     Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime pay requirements set forth in Section 207(a)(1) of the FLSA. 29 U.S.C. §207(a)(1) of the FLSA.  None of the FLSA's overtime exemptions apply to Plaintiffs or the other members of the FLSA Class because, *inter alia*, they have not been paid on a salary basis and have not otherwise met the requirements for coverage under any exemptions.  Moreover, upon information and belief, loan officers were and are subject to pay deductions by Defendants that defeat any claim to exemption.

51.     Plaintiffs and the other members of the FLSA Class are victims of a uniform company-wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA Class and has deprived them of overtime compensation.

52.     In the course of perpetrating these unlawful practices, Defendants have failed to keep accurate records of all hours worked by loan officers.

53.     Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the FLSA, and have not acted in good faith with respect to the conduct alleged herein.

## STATE-WIDE CLASS ALLEGATIONS

54.     Named Plaintiff Michelle Solomos also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself individually and on behalf of all other members of the FLSA Class who, during the relevant statute of limitations period, have worked as loan officers for one or more of the Defendants in New York, with respect to the claims pleaded in Counts III and IV of this Complaint.

55.     Fed. R. Civ. P. 23(b)(3) provide that a cause of action may be maintained as a class action if:

   a)  The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b)  There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

   c)  The claims or defenses of the representative parties are typical of the claims or defenses of the class;

   d)  The representative parties will fairly and adequately protect the interests of the class; and,

   e)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

56.     Plaintiffs seek certification of a class consisting of:

All persons who have worked, or are currently working, as loan officers, or other similarly titled positions, for one or more of the Defendants at any of its offices located within the State of New York, at any time during the statutory period ("New York Class").

11

## Numerosity

57.     Plaintiffs satisfy the numerosity requirements as the proposed classes consist of hundreds of class members.  The proposed classes can be identified and located using Defendants' payroll and personnel records. Therefore, the classes are so numerous that the joinder of all members is impracticable.  Class members may be informed of the pendency of this action by direct mail based upon and/or published and broadcast notice.

## Common Questions of Fact or Law

58.     There are questions of fact and law common to each class that predominate over any questions affecting only individual members.  The questions of law and fact common to each class arising from Defendants' actions include, without limitation, the following:

    a)  Whether the class members have qualified for exempt status;

    b)  Whether Defendants conducted an analysis of class members' compensation before failing to pay them overtime compensation;

    c)  Whether loan officers share similar job duties;

    d)  Whether Defendants conducted an analysis of class members' duties and tasks before failing to pay them overtime;

    e)  Whether loan officers have been uniformly classified as exempt;

    f)  Whether Defendants failed to pay its loan officers a guaranteed salary;

    g)  Whether Defendants failed to pay Plaintiffs and class members all compensation due to them;

    h)  Whether Defendants failed to pay its loan officers the requisite minimum wage;

    i)  Whether Plaintiffs were expected or required to work in excess of 40 hours per week;

    j)  Whether Plaintiffs regularly worked in excess of 40 hours per week;

    k)  Whether Defendants kept accurate records of actual loan officer time worked;

l)  Whether Defendants' practice violated the overtime provisions of the New York Labor Articles;

m) Whether Defendants' failure to pay overtime has been willful, and whether it has been undertaken in good faith; and,

n) Whether Plaintiffs and members of the classes have suffered damages and what the proper measure of those damages is.

59.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the controversy.

### Typicality

60.     Plaintiffs' claims are typical of the claims of the class members. Named Plaintiff suffered similar injuries as those suffered by other members of the respective classes she seeks to represent.

### Adequacy

61.     Plaintiff is an adequate representative of the classes she seeks to represent because she is a member of such classes, and her interests do not conflict with the interests of the members of the classes she seeks to represent.  The interests of the class members will be fairly and adequately protected by Plaintiff and her undersigned counsel.  Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

62.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to

13

prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expense and burden of individual litigation would make it difficult for Plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair, or impede the ability of class members to protect their interests.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR ARTICLES 6 and 19 and NYCRR
### §§138-2.1 *et seq.*
## FAILURE TO PAY MINIMUM WAGES

63.     Plaintiffs repeat and re-allege all the allegations set forth in each of the paragraphs above.

64.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

65.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652. As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR ARTICLES 6 and 19 and NYCRR
### §§138-2.1 *et seq.*
## FAILURE TO PAY OVERTIME

66.     Plaintiffs repeat and re-allege all the allegations set forth in each of the paragraphs above.

14

67.     New York law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and in the manner and methods provided by the FLSA. 12 NYCRR§142-2.2.

68.     By the above-alleged conduct, Defendants failed to pay members of the New York Class overtime compensation as required by the New York Labor Articles.

69.     Plaintiff and the other members of the New York Class are and were not exempt from the overtime provisions of the New York Labor Articles, because, *inter alia*, they have not been paid on a salary basis, and/or they have not met the requirements for any exemptions. Moreover, upon information and belief, loan officers were and are subject to pay deductions by Defendants that defeat any claim to exemption.

70.     Loan officers compensated primarily on a commission basis are not otherwise exempt from the requirement of overtime premium pay.

71.     Plaintiff and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of overtime compensation.

72.     In the course of perpetrating these unlawful practices, Defendants willfully failed to keep accurate records of all hours worked by loan officers in violation of the New York Labor Articles.

73.     Defendants have acted willfully and have known or shown reckless disregard for the matter of whether their conduct has violated the New York Labor Articles, and Defendants have not acted in good faith with respect to the conduct alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order Defendants to file with this Court and furnish to counsel a list of all FLSA Class Members;

B. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to FLSA Class Members, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C. Certify the New York Class under Fed. R. Civ. P. 23(b)(3);

D. Declare and find that Defendants committed one or more of the following acts:

    i. Willfully violated the minimum wage provisions of the FLSA and the New York Labor Articles;

    ii. Willfully violated the overtime provisions of the FLSA and the New York Labor Articles;

E. Award compensatory damages, including all minimum wage and overtime compensation owed, in an amount according to proof;

F. Award liquidated damages on Plaintiffs' FLSA claims only. Plaintiffs specifically waive any claims to liquidated damages under the New York Labor Articles;

G. Award interest on all overtime compensation due accruing from the date such amounts were due;

H. Award all costs and attorney's fees incurred in prosecuting this action;

I. Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J. Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: January 7, 2009

Respectfully Submitted,

_____

Erik H. Langeland (EL-7512)
Erik H. Langeland, P.C.
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

17